56 CCPA

**MEAD JOHNSON & COMPANY,**
Appellant,

v.

**LEVER BROTHERS COMPANY,**
Appellee.

**Patent Appeal No. 8168.**

United States Court of Customs and Patent Appeals.
June 26, 1969.

1. It would seem that *some* amount of "alluvium," as defined by appellant, is even present in most drinking water.

Pattishall, McAuliffe & Hofstetter, W. Thomas Hofstetter, Chicago, Ill., Helen W. Nies, Washington, D. C., attorneys of record for appellant, John T. Lanahan, Evansville, Ind., of counsel.

Spencer A. Studwell, New York City, for appellee.

Before RICH, Acting Chief Judge, HOLTZOFF and McLAUGHLIN, Judges, sitting by designation, and ALMOND and BALDWIN, Judges.

BALDWIN, Judge.

This appeal is from the Trademark Trial and Appeal Board decision[1] dismissing an opposition to the application[2] of appellee, Lever Brothers Company, to register the trademark MAGI-CAL for goods described as "margarine." Appellant, Mead Johnson & Company, opposed on the ground of likelihood of confusion, based upon its registered trademark METRECAL[3] for goods described as "special food product of high and complete nutritive value for use in weight reducing diets and where con-

centrated and complete foods are desired, and consisting principally of non-fat milk solids, soya flour, whole milk solids, sucrose, starch, and corn oil, with added vitamins and minerals."[4]

Appellant's priority is unquestioned, METRECAL having been adopted and first used on a dietary food product in powder form in 1959 and used on flavored liquid dietary products in 1960. Moreover, the board specifically found that "[i]n light of the record presented, there can be no doubt that the mark 'METRECAL' is extremely well-known in the dietary food field."

The board also found "that applicant has test-marketed a regular margarine, a low calorie margarine,[5] and an artificial sweetener[6] under the mark 'MAGI-CAL'." The board further noted that "[a]pplicant has introduced * * * thirty-six third party registrations which contain 'CAL' as a suffix portion of the mark for a wide variety of foods and beverages, several of which are of the dietary or low-calorie type."

In dismissing the opposition, the board held:

Opposers' dietary foods and [applicant's] margarine, particularly a low-calorie margarine, are obviously closely related in that they are both food products which are sold through the same trade channels to the same class of purchasers. * * * On the other hand, it is our considered opinion that the marks "MAGI-CAL" and "METRE-CAL" are sufficiently different so as to obviate any likelihood

---

1. Reported at 152 USPQ 769 (TTAB 1967).

2. Serial No. 206,276, filed November 16, 1964.

3. Registration No. 746,729, issued March 12, 1963.

4. In the proceedings below, appellant also relied upon its registered trademark METRI-COLA for "soft drinks," registration No. 765,998, issued March 3, 1964; however, appellant has assigned no rea-

sons of appeal concerning METRI-COLA and here has not argued its relevance.

5. It was stipulated that applicant has also filed application serial No. 225,040, on August 5, 1965, seeking to register MAGI-CAL for "imitation margarine" and that that application is still pending.

6. It was stipulated that applicant has also filed application serial No. 222,038, on June 25, 1965, seeking to register MAGI-CAL for "table sweetener" and that that application is still pending.

of confusion or mistake. In this regard, the marks are distinguishable in both sound and appearance and are entirely different in significance. In the event that opposer's mark "METRECAL" conveys any meaning at all, it would probably be that of measured calories, while the mark "MAGI-CAL" is an obvious play on the word "magical", even though its suffix may also connote "calorie". * * * While we agree that the notoriety of the mark [METRECAL] is a factor to be considered, it does not alter our conclusion where, as here, there is no element of doubt in our minds that the marks of the parties are readily distinguishable.

We agree with the board's decision and are not convinced of any reversible error therein. Appellant has not urged that the board failed to consider any relevant factor; it merely disagrees with the board's conclusion that, based on all the facts and circumstances including the respective goods, and viewing the marks in their entireties, there would be no likelihood of confusion or mistake. We, as did the board, agree with appellant that:

1. The goods of the parties are closely related;

2. Third party registrations neither disprove that the suffix CAL is suggestive in nature nor disprove that CAL is the dominant portion of the mark; and

3. Any doubt in the present case as to likelihood of confusion should be resolved against applicant.

However, we are not convinced of reversible error in the board's ultimate holding that the differences in the appearance, sound and meaning of the parties' marks, when viewed in their entireties and when applied to their respective goods, obviate any likelihood of confusion or mistake. Accordingly, the board's decision is affirmed.

Affirmed.